UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUIS E. CABAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 1:13-CV-67 RLM |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| Defendant | ) |

OPINION AND ORDER

Luis Caban seeks judicial review of the latest decision of the Commissioner of Social Security denying his applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 1381 *et seq.* The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the court reverses and remands this case to the Social Security Administration for further proceedings.

The extensive procedural history in this case is well-documented, and needn't be repeated here. Mr. Caban has applied for disability insurance benefits and SSI three times: (1) on March 30, 2006 asserting disability as of October 31, 2005; (2) on December 17, 2008 asserting disability as of November 15, 2008; and (3) on July 1, 2010. All three applications were denied. When this court vacated the ALJ's November 19, 2008 decision denying Mr. Caban's original applications

---

[1] Carolyn W. Colvin, the Acting Commissioner of Social Security, has been substituted as the named defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

(A.R. 21-35) and remanded for further proceedings in July 2010, see Caban v. Astrue, Cause No. 1:09-cv-192 (J. VanBokklen) (N.D. Ind. July 29, 2010) (A.R. 698-720), the Appeals Council ordered the Administrative Law Judge to "associate all the claim files . . . offer [Mr. Caban] an opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision." (A.R. 650-51). The ALJ conducted a new hearing and issued a decision on September 21, 2011 finding that Mr. Caban wasn't disabled at any time from October 31, 2005 through the date of his decision, and denied his applications for benefits.

The ALJ found that Mr. Caban had severe physical and mental impairments, but "only his obesity, his degenerative disc disease and his affective disorder caused ongoing limitations that lasted at least 12 months," and that his impairments alone and in combination didn't meet or equal the requirements of a listed impairment (specifically Listings 1.04 and 12.00 *et seq.*), or preclude him from performing his past relevant work as a general clerk, automobile sales representative, and industrial sales representative.

When the Appeals Council denied Mr. Caban's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). Mr. Caban appealed for a second time, arguing that the ALJ's findings concerning the medical evidence and his credibility, residual capacity, and ability to perform past relevant work aren't sufficiently explained or supported by the evidence. The court agrees.

The issue before this court isn't whether Mr. Caban is disabled, but whether substantial evidence supports the ALJ's decision that he is not. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but "conduct[s] a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). The ALJ isn't required "to address every piece of evidence or testimony presented, but he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160. The ALJ didn't do so in this case.

The ALJ didn't identify or address Mr. Caban's non-severe impairments and the effect they might have had on his ability to engage in work-related activity, steadfastly asserting that he wasn't required to do so or had previously decided that they weren't substantiated or didn't limit Mr. Caban's ability to engage in work-related activity. He is mistaken.

3

The regulations might not require an ALJ to specifically identify which impairments are severe and which are non-severe at the second step of the evaluation process, but he must consider all of the claimant's impairments — including impairments that are not severe — in determining the claimant's residual functional capacity at the fourth step. *See* Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010) (the ALJ must consider the aggregate effects of all of the claimant's impairments in the residual functional capacity assessment, including those which are non-severe); 20 C.F.R. 404.1520(e), 404.1545, 416.92(e) and 416.945; SSR 96-8p. If the impact of non-severe impairments isn't fully considered, the decision must be reversed. Denton v. Astrue, 596 F.3d 419, 423 (7th Cir. 2010). The ALJ hasn't done what's required. He simply incorporated by reference the discussion of the evidence in the two prior administrative decisions issued in this case, "except, of course, insofar as they have been vacated," leaving it to the court to scour the record in search of relevant findings relating to Mr. Caban's many impairments. Even it were proper for the court to undertake such an endeavor, the medical evidence presented at the hearing in 2011 indicates that Mr. Caban's condition might have deteriorated. For the reasons that follow, the ALJ's discussion of that evidence and his reliance on past findings regarding the severity of Mr. Caban's impairments in 2008 and 2010 is insufficient and unsupported.

The ALJ rejected in whole, or in part, the opinions of virtually every treating, consulting, and examining medical source (Drs. Lazoff, Bretz, Dwyer, Sohail,

4

Kamineni, Boen, Von Bargen), as well as the state agency's reviewing physicians, because they weren't sufficiently supported by objective findings and/or weren't consistent with a functional capacity evaluation that was completed by Gina Smith, a registered occupational therapist, on November 28, 2006 (finding that Mr. Caban retained the capacity to perform a restricted range of light work activity on a full-time basis (A.R. 257-310)) or with the ALJ's subjective belief that Mr. Caban was exaggerating his symptoms and was capable of working.

Dr. Lazoff and Dr. Bretz were treating physicians, and as such their opinions were entitled to "controlling weight" if they were "well supported by medical findings and not inconsistent with other substantial evidence in the record." Clifford v. Apfel, 227 F.3d at 870; see also 20 C.F.R. § 404.1527(d)(2). When a treating source's opinion isn't given controlling weight, the ALJ must consider the following factors in deciding what weight to give it: "the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." Campbell v. Astrue, 627 F.3d 299, 308 (7th Cir. 2010; 20 C.F.R. § 404.1527(c)(2). There's no indication that the ALJ considered those factors in this case.

The ALJ's assessment of the consulting and examining physicians' opinions is similarly flawed. He found that they weren't supported by objective findings and were inconsistent with other evidence (Ms. Smith's 2006 functional capacity evaluation and the "credible portions" of Dr. Lazoff's 2007 opinions (those portions

5

that were consistent with Ms. Smith's evaluation)). But "[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003).

The ALJ speculated that Mr. Caban might have exaggerated his symptoms and limitations and that his treating and consulting physicians might have relied on his subjective complaints in assessing the severity of his impairments. Having found fault with virtually all of the treating and consulting physicians' opinions, the ALJ substituted his own medical judgment for theirs and concluded that Mr. Caban wasn't disabled, effectively making himself the doctor. His findings in that regard are inadequate. *See* Kangail v. Barnhart, 454 F.3d 627, 629 (7th Cir. 2006); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); Green v. Apfel, 204 F.3d 780 (7th Cir. 2000).

While a claimant bears the burden of proving disability, the ALJ in a Social Security hearing has a duty to develop a full and fair record. *See* Smith v. Apfel, 231 F.3d 433, 437(7th Cir. 2000); Luna v. Shalala, 22 F.3d 687 (7th Cir. 1994); Thompson v. Sullivan, 933 F.2d 581, 585 (7th Cir. 1991). If the basis of the physicians' opinions wasn't readily discernable or the ALJ needed clarification, he "ha[d] a duty to solicit additional information to flesh out" their opinions. Barnett v. Barnhart, 381 F.3d 664, 669 (7th Cir. 2004). He didn't do that, and his findings with respect to those opinions and the severity of Mr. Caban's impairments aren't adequately supported by the record and are insufficient.

6

To the extent the ALJ's decision regarding the severity of Mr. Caban's impairments and his residual functional capacity was premised on his assessment of Mr. Caban's credibility, it too is insufficient. The regulations do not "require objective medical evidence to corroborate statements about the intensity, persistence, and functional effects of pain or other symptoms," Pope v. Shalala, 998 F.2d 473, 482 (7th Cir. 1993), nor do they "require a finding of disabled every time a claimant states that she feels unable to work." Id. at 486. The ALJ must evaluate a claimant's subjective complaints in light of all the evidence, including the claimant's work history, the medical evidence, the claimant's testimony and general demeanor, personal observations, and other factors such as the nature, location, onset, duration, frequency, radiation and intensity of any pain, precipitating and aggravating factors; the type, dosage, effectiveness, and adverse effects of any pain medication; treatment for relief of pain; daily activities and functional restrictions. S.S.R. 88-13; Pope v. Shalala, 998 F.2d 473, 485-486 (7th Cir. 1993). The ALJ didn't do that in this case.

The ALJ found that Mr. Caban's statements about the severity and limiting effects of his impairments weren't credible primarily because they weren't supported by objective medical evidence. But as the court has previously determined, the ALJ's assessment of the medical evidence was inadequate.

Whether Mr. Caban's statements are credible and whether he is capable of performing his past relevant work or other jobs are questions for the ALJ, not the court. Simila v. Astrue, 573 F.3d at 513; Powers v. Apfel, 207 F.3d at 434-435.

The court's job is to assure that a logical bridge connects the evidence and the ALJ's finding, *see* Giles ex rel. Giles v. Astrue, 483 F.3d 483, 486 (7th Cir. 2007), and the bridge isn't complete in this case.

Neither substantial evidence or an adequate discussion of the issues support the ALJ's findings with respect to the severity and limiting effects of Mr. Caban's impairments. When, as here, the court can't see an "accurate and logical bridge between the evidence and the result," remand is required. Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996).

Accordingly, the final decision of the Commissioner of Social Security is REVERSED and the matter REMANDED.

SO ORDERED.

ENTERED:   September 30, 2014

      /s/ Robert L. Miller, Jr.
Judge
United States District Court