UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LUIS E. CABAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:13-CV-67 RLM |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Plaintiff Luis Caban filed a motion for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, after the Commissioner's decision denying disability benefits was reversed and the case was remanded for further proceedings. Mr. Caban's attorneys, William Fouche, Jr. And Randal Forbes, seek a cost of living adjustment based on the Consumer Price Index, and initially requested compensation for 72.9 hours of work at an adjusted hourly rate of $187.11, together with cost in the amount of $350.00, for a total of $13,900.32. They subsequently amended their request to include time expended (7 hours at $187.11 per hour) replying to the Commissioner's objections, and now seek $15,300.09 in fees and costs.

The court may award reasonable fees and expenses under the EAJA (1) if the claimant is a prevailing party, (2) the government's position was not substantially justified; (3) there are no "special circumstances" that make an award unjust; and (4) an itemized statement supports the fee application. Conrad

v. Barnhart, 434 F.3d 987, 989 (7th Cir. 2006); Golembiewski v. Barnhart, 382 F.3d 721, 723-224 (7th Cir. 2004); 28 U.S.C. 2412(d)(1)(A),(B).

The Commissioner doesn't dispute Mr. Caban's eligibility for an award of fees and costs, but contends that the amount of time expended by Mr. Fouche and Mr. Forbes was excessive and unnecessarily duplicative, that they haven't justified the enhanced hourly rate they seek, and that the fees requested aren't reasonable.

The amount of the award is left to the court's discretion and is subject to its approval. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

28 U.S.C. § 2412(d)(2)(A) provides that:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." McNabola v. Chicago Transit Auth., 10 F.3d 501, 519 (7th Cir. 1993).

Mr. Fouche and Mr. Forbes assert that the cost of living increased 49.69% between March 1996 and November 2013, according to the inflation data compiled by the Bureau of Labor Statistics. They thus conclude that they should be compensated at the rate of $187.11 per hour for their services (the $125 statutory limit plus $62.11 (the cost of living adjustment)), and that "the inflation-adjusted rate of $187.11 is low by the standards of the market." [Doc. No. 37 at p. 2 and n.2]. The only evidence submitted in support of those assertions was an affidavit

by Mr. Caban indicating that he had assigned all of his rights to any fee award to his attorneys, a copy of the Consumer Price Index (CPI), and summaries of the work performed and hours expended.

"While the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living 'justifies' the rate requested. 28 U.S.C. 2412(d)(2)(a)(ii)." Sprinkle v. Colvin, 777 F.3d 421, 428 (7th Cir. 2015). Mr. Caban must "produce evidence that the rate [his attorneys] request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." Id. He hasn't done that.

Neither attorney submitted an affidavit identifying the hourly rates they charged at the time the work was performed or the prevailing rates in the community for similar work by lawyers of comparable skill and experience. They simply assert that they expended a total of 79.9 hours representing Mr. Caban before this court (including time devoted to their fee petition), which, when multiplied by $187.11, totals $14,950.09. Conclusory and unverified assertions can't satisfy the plaintiff's burden of establishing the market value of the services rendered, or justify an upward adjustment of the $125.00 per hour rate provided in 28 U.S.C. § 2412(d)(2)(A). *See* Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984) (a fee applicant must produce "satisfactory evidence —in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"); Sprinkle v. Colvin, 777 F.3d at 428 ("claimants must produce evidence that the rate they request is in line with those previling in the

community for similar services by lawyers of comparable skill and experience"); Raines v. Shalala, 44 F.3d 1355, 1361 (7th Cir. 1995) ("the area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment of attorney fees in excess of the [EAJA hourly] rate").

The Commissioner's objections to time expended by Mr. Forbes after September 2013, when Mr. Fouche entered his appearance, are well-taken. The procedural history in this case was extensive, but well-documented, and the issues presented were neither complex, nor difficult. The decision to employ two attorneys was a matter of discretion, not necessity, and Mr. Forbes's role in the litigation after Mr. Fouche appeared was minimal and unnecessarily duplicative. The court reduces the time expended by Mr. Forbes from 6.7 hours to 3.3 hours, and awards $412.50 in reasonable attorney's fees for Mr. Forbe's services (3.3 hours at $125.00 per hour).

The court can't find on the basis of this record that the 66.2 hours expended by Mr. Fouche in reviewing the record, researching the issues, and writing the briefs was unreasonably excessive, given the lengthy procedural history, voluminous administrative record, and number of issues addressed. But the Commissioner's objections to the enhanced rate of compensation and duplication of efforts by Mr. Fouche and Mr. Forbes were well-founded, so the court declines to award fees for the additional seven hours of work performed by Mr. Fouche in replying to those objections, and so limits its fee award for Mr. Fouche's services to 66.2 hours at the statutory rate of $125.00, for a total of $8,275.00.

For the foregoing reasons, the court GRANTS the plaintiff's motion [Doc. No. 35] to the extent it seeks an award of fees and cost under the EAJA, but DENIES the request for a cost of living adjustment, reduces the number of hours reasonably expended by Mr. Forbes to 3.3, and awards Mr. Caban $8,687.50 in reasonable attorneys' fees ($8,275.00 for Mr. Fouche's services and $412.50 for Mr. Forbes's services), and $350.00 in costs, for a total of $9,037.50.

SO ORDERED.

ENTERED:   November 24, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana